JUNE.                         TANEY VS. KEMP.

A witness is bound to answer a question touching the issue in an action at law, in which he is not a party, although it may establish, or tend to establish, that he owes a debt, or otherwise may subject him to a civil suit, or a bill in chancery. He is not obliged to answer questions which may subject him to a criminal prosecution, or to a penalty.

APPEAL from *Frederick* County Court. This was an action of trover for a bill obligatory, the property of *H. Darnall*, in his life-time, and alleged to have been converted by the defendant, (the appellee,) after the death of *Darnall.* The declaration stated it to have been a bill obligatory made by the defendant and *David Kemp.* The general issue was pleaded; and at the trial it was admitted by the parties that *Darnall* died several years before the suit was brought, and that the plaintiff is his administrator, and had letters as such duly granted to him, more than a year before the institution of the suit. The plaintiff then produced and swore as a witness, *David Kemp*, the person named in the declaration as one of the co-obligors in the said bill obligatory; and after having proved that due notice to produce the bill had been given to the defendant, asked *Kemp* this question—Do you or do you not know whether the defendant, before the 29th of December 1814 obtained possession from a certain *R. Darnall*, of the bill obligatory, by which the defendant and yourself had become bound to pay to *H. Darnall*, in his lifetime, the sum of £225 current money? The witness refused to answer the question, alleging that his answer might establish, or tend to establish, that he owed a debt, or might otherwise subject him to a civil suit, or a bill in chancery. The plaintiff then prayed the opinion and direction of the court, that the witness was bound to answer the question. But the Court [*Buchanan*, Ch. J. and *Shriver*, A. J.] were of opinion that he was not bound to answer it; and the witness refused to answer it. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before EARLE, JOHNSON, MARTIN, and DORSEY, J.

*Taney*, the Appellant, in *propria persona*, insisted, 1. That the answer in the affirmative to the question would

not have subjected the witness to a civil suit. 2. That if the answer would have subjected him to a civil suit, yet the plaintiff had a right to the benefit thereof.

1. This being a case of tort, if the plaintiff below had recovered judgment against the defendant, the defendant could not have compelled the witness to contribute a moiety of the damages. *Merryweather vs. Nixan*, 8 *T. R.* 186 The witness, therefore, could have no interest. *Norwood vs. Norwood*, 3 *Harr. & Johns.* 57, it is true, is a case where in a joint action against them in ejectment, a recovery was had, and one of the defendants having paid all the costs, recovered a moiety against the other; but that case is distinguishable from the present. The plaintiff in this action could not, on the answer of the witness in the affirmative, recover against him, nor could he be sued by the defendant. His answer would not have been proof of the execution of the bond if there had been no subscribing witness to it. His answering the question would not have placed him in a worse situation than he was without answering.

2. But conceding the witness had an interest, he was bound to answer the question. 1 *Phill. Evid.* 208, referring to 1 *Hall's Law Journal*, 223, where, on a question referred to the twelve judges in *England* by the House of Lords, eight of the judges and the Lord Chancellor, the others dissenting, held that the witness was bound to answer a question, although his answer might render him liable to a civil action.

*T. C. Worthington*, for the Appellee. If the witness had answered in the affirmative to the question put by the plaintiff, it would have established the fact of the defendant having come wrongfully into the possession of the bill obligatory, and the witness being privy to it, he is to be considered a *tort feasor*; and in the event of a recovery against the defendant, the latter would be entitled to recover half the damages against the witness. That one *tort feasor* may recover a proportion of the damages against another, was decided in this court in *Norwood vs. Norwood*, 3 *Harr. & Johns.* 57. If this be correct, the witness was interested, and he is not bound to answer any question, which may subject him to a civil action. *Title vs. Grevett*, 2 *Ld. Raym.* 1008. *Peake's Evid.* 184. If the verdict can be used in evidence against the witness, in case the party for whom he is called as a witness should fail in the action, or if the defendant in this case can use it in any way against him, then has the witness such an interest as will render him incompetent. 1 *Phill. Evid.* 43. The opinions of the twelve judges of *England*, on the question referred to them by the House of Lords on the impeachment of Lord *Melville*, were so contradictory, that a declaratory law was found necessary to settle the point *(a.)*

*(a.)* The statute of 46 *Geo. III*, ch. 37. See 2 *Starke's Evid.* 135.

**1818.**

Taney
vs
Kemp

The only adjudicated cases previously to this declaratory statute, was in favour of the privilege of the witness.

Dorsey, J. delivered the opinion of the court. The question arising in the bill of exceptions in this case is, Shall a witness be compelled, in a court of law, to answer a question touching the issue in the cause, where such answer may expose him to a *civil action?* It is well established, that a witness shall not be obliged to answer questions which may subject him to a criminal prosecution; or to a penalty, or to a forfeiture. But whether a witness shall be excused from answering questions, which might affect his pecuniary interest, is a point upon which difference of opinion has prevailed. It is believed that the course of justice would be greatly obstructed by permitting the witness to shelter himself under this plea. If the witness has a knowledge of facts, in the establishment of which, parties to a suit are interested, is it not highly just and convenient, and does not the due administration of justice require, that the witness should disclose his knowledge of the fact in controversy? It is true, that the witness, by disclosing such fact, may expose himself to a civil suit, and thereby be compelled to do justice to his creditor. And shall *this consequence*, so consonant to all just and moral principles, excuse the witness from giving testimony on an issue between other parties, and in which he has no interest?

The witness, on a bill filed in the court of chancery against him by his creditor, for a discovery in aid of the jurisdiction of a court of common law, could be compelled to disclose the same facts, which he is called on to disclose as a witness.

If the witness, therefore, can be compelled in chancery, at the instance of his creditor, to make the disclosure, why should he not be compelled in a court of law to answer the same question between other parties?

The witness claims an exemption on the ground that he is not obliged to answer questions which may affect his interest. We have seen that he is bound, at the instance of his creditor, to answer such questions. The defence, therefore, can not be maintained. The court are of opinion, that the court below erred, and therefore reverse their judgment.

JUDGMENT REVERSED; AND PROCEDENDO AWARDED.